IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REUBEN DURHAM                                                  PLAINTIFF

v.                      Civil No.  14-5245

WONDA HOLLAND, Probation
Officer; WAYNE SHEWLER, Probation
Officer; and ALDOLFOE RODREIGEZ,
Probation Officer                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Reuben Durham, currently an inmate of the Benton County Detention Center, filed this *pro se* civil rights action under 42 U.S.C. § 1983 on August 4, 2014. With his complaint, Plaintiff submitted an *in forma pauperis* (IFP) application. However, the application was incomplete. Plaintiff failed to answer questions four through eight on the second page of the IFP application. He also failed to have the certification regarding inmate funds held in his name completed.

For this reason, on August 4, 2014, an order (Doc. 3) was entered directing the Clerk to send Plaintiff a blank IFP application (prisoner form). Plaintiff was given until August 20, 2014, to either complete the IFP application and return the application to this Court for review and filing or pay the $350 filing fee and $50 administrative fee, a total of $400. Plaintiff was advised that if he failed to return the completed IFP application or pay the $400 by August 20, 2014, the complaint would become subject to summary dismissal for failure to obey an order of the Court.

To date, Plaintiff has not filed a complete IFP application or paid the filing fee. He has not requested an extension of time to do so. Plaintiff has not communicated with the Court in anyway.

-1-

I therefore recommend that the complaint be dismissed based on Plaintiff's failure to obey an order of the Court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of October 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE